## · Jim Reid v. The State.

### No. 6156.   Decided March 23, 1921.

**Wife Abandonment—Insufficiency of the Evidence.**

Where, upon trial of wife abandonment, there was evidence that defendant found that by reason of the high cost of living his wages in the city were not sufficient to support him and his wife, and that he went to the country and rented a farm and invited his wife to live with him, which she declined, and which evidence was not contradicted, the conviction could not be sustained.

Appeal from the County Court of Gregg.   Tried below before the Honorable E. M. Bramlette.

Appeal from a conviction of wife abandonment; penalty a fine of $25.

The opinion states the case.

No brief on file for appellant.

89 Tex.—5

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of wife abandonment and his fine assessed to twenty-five dollars.

The only question presented to this court for consideration is that the evidence is not sufficient to support the verdict and judgment. Appellant and his wife were living in the city of Longview. It is claimed by appellant's wife and her mother that in the Spring of 1920 the appellant left his wife in the city of Longview, without just cause or excuse, at her mother's home, since which time he has not contributed to her support in any way. The evidence both for the State and appellant is to the effect that the health of appellant's wife was not good, at some times affecting her mental condition. She testified upon the trial, however, and upon cross-examination admitted that her husband did not want to live in Longview any more but wanted to move to a farm where he could make better wages and live cheaper; she did not go to the country with her husband, giving as her reason that she was in very bad health, could not do any work and needed the treatment she could not secure in the country and that it was necessary for her to have the care of her mother. Witness further testified that a few days after appellant first left Longview he came back and told her he had made arrangements to live on a farm, but that she did not go with him. This is also substantially the testimony of her mother. A sister-in-law of appellant testified that his wife told her she would not move to the country with him. Appellant's testimony is to the effect that he could not make a living at the wages he was getting in Longview and told his wife this, and that he was going to get a place in the country and move there in order that he might make a living and where his expenses would be less than in town; that he did go to the country, rented a place and notified his wife to that effect, but she refused to go with him, and that her mother declined to let her go. By reason of her refusing to go with him he says he supposed they did not want anything further from him in the way of support, and since she had declined to go to the farm with him he had not contributed to her support, but that he had been living on the farm from March 1920 up to the time of the trial, which occurred in October, and that he was yet willing to take care of his wife if she would go to the country with him. The foregoing embraces practically all of the facts proven upon the trial. There is an absence of evidence from any physician that it was necessary from Mrs. Reid to remain in the city for treatment, and there may have been a difference of opinion between her and her mother and appellant as to the necessity for this. At any rate, it does appear that after appellant had concluded it was to his best interest to move to a farm he offered to take his wife with him, and that she refused to go, being upheld in that refusal by her mother. Whatever might have been their motive, does it present that character

of a case where the husband should be fined for the abandonment of his wife? Article 640-A Vernon's Penal Code, under which this prosecution proceeded, provides: "That any husband who shall wilfully or without justification desert, neglect or refuse to provide for the support and maintenance of his wife, etc." The construction placed upon that statute in Irving v. State, 73 Texas Crim. Rep., 615, 166 S. W. Rep., 1166, is, we think, correct. "This statute carries with it the idea of wilfulness on the part of the husband or father, as the case may be, and the purpose not to support his wife or child, either or both, which does not mean, and was not intended to mean, that, because a man is unfortunate in not having money to support his wife, therefore he should be subject to criminal prosecution." If the appellant in the case under consideration found that by reason of the high cost of living his wages in the city of Longview were not sufficient to support him and his wife, and he believed that by going to the country and renting a farm he could better his condition, such conclusion on his part might have been a mistake of judgment, but he can not be held answerable to the law for such an error, if error it was, and we are not disposed to hold, in the face of the fact that when he offered to take his wife with him and she declined to go, that he can be made punishable by fine under the statute above mentioned.

Believing that the evidence is totally insufficient to support the verdict and judgment, the judgment is reversed and the cause ordered remanded.

*Reversed and remanded.*